DOUGLAS R. COX – *pro hac vice pending*
dcox@gibsondunn.com
LUCAS C. TOWNSEND – *pro hac vice pending*
ltownsend@gibsondunn.com
RUSSELL B. BALIKIAN – *pro hac vice pending*
rbalikian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:    202.467.0539

JAMES L. ZELENAY JR. – SBN 237339
jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7449
Facsimile:    213.229.6449

*Attorneys for Defendant*
*Turnstile Capital Management, LLC*
[Additional counsel listed after caption]

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEBORAH TERRELL, an individual, on behalf of herself and similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY ACCOUNTING SERVICE, LLC; BALBOA STUDENT LOAN TRUST; TURNSTILE CAPITAL MANAGEMENT, LLC; and DOES 1 through 10, <br><br> Defendants. | Case No. 5:16-cv-01535-RGK-SP <br><br> **JOINT STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT AND TO MOVE FOR CLASS CERTIFICATION** <br> Complaint served:  July 18, 20, 2016 <br> Current response dates:  Aug. 8, 10, 2016 <br> Current certification-motion dates: <br>    Oct. 17, 18, 2016 <br> New proposed response date:  Sept. 26, 2016 <br> New proposed certification-motion date: <br>    90 days from answer |

Gibson, Dunn &
Crutcher LLP

FREDRICK S. LEVIN – SBN 187603
flevin@buckleysandler.com
DANIEL R. PALUCH – SBN 287231
dpaluch@buckleysandler.com
BUCKLEYSANDLER LLP
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA  90401
Telephone:  202.349.8010
Facsimile:    202.349.8080

*Attorneys for Defendant*
*Balboa Student Loan Trust*


JAMES K. SCHULTZ – SBN 309945
jschultz@sessions.legal
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois  60603-3561
Telephone:  312.578.0993
Facsimile:    312.578.0991

*Attorneys for Defendant*
*University Accounting Service, LLC*


ANNE RICHARDSON – SBN 151541
arichardson@publiccounsel.org
MAGDALENA REYES BORDEAUX – SBN 195671
mbordeaux@publiccounsel.org
CHARLES EVANS – SBN 251780
cevans@publiccounsel.org
L. ADELAIDE ANDERSON – SBN 270966
aanderson@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA  90005
Telephone:  213.385.2977
Facsimile:    213.385.9089

Gibson, Dunn &
Crutcher LLP

i

1

2

FREDRIC D. WOOCHER – SBN 96689
fwoocher@strumwooch.com
JENNA L. MIARA – SBN 305703
jmiara@strumwooch.com
DALE LARSON – SBN 266165
dlarson@strumwooch.com
STRUMWASSER & WOOCHER LLP
10940 Wilshire Boulevard, Suite 2000
Los Angeles, CA  90024
Telephone:  310.576.1233
Facsimile:   310.319.0156

DAN STORMER – SBN 101967
dstormer@hadsellstormer.com
CAITLAN MCLOON - SBN 302798
cmcloon@hadsellstormer.com
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, CA  91103
Telephone:  626.585.9600
Facsimile:   626.577.7079

*Attorneys for Plaintiff and Proposed Classes*

Gibson, Dunn &
Crutcher LLP

ii

1

## JOINT STIPULATION TO EXTEND TIME

2         Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6-1, plaintiff

3   Deborah Terrell ("Plaintiff"), and defendants Balboa Student Loan Trust ("Balboa"),

4   Turnstile Capital Management, LLC ("Turnstile"), and University Accounting Service,

5   LLC ("UAS") (collectively, "Defendants"), respectfully request that the Court accept

6   the parties' stipulation to extend Defendants' time to respond to Plaintiff's initial

7   complaint until September 26, 2016, and to extend Plaintiff's time to move for class

8   certification pursuant to Local Rule 23-3 until 90 days after the date by which the last

9   of all Defendants required to so plead files its answer to the complaint under Federal

10  Rule of Civil Procedure 7(a)(2).  This is the parties' first request for an extension of

11  any deadline in this case.

12        This Court may extend the deadlines set forth in the Federal Rules of Civil

13  Procedure "for good cause."  Fed. R. Civ. P. 6(b)(1).  "[R]equests for extensions of

14  time made before the applicable deadline has passed should 'normally . . . be granted

15  in the absence of bad faith on the part of the party seeking relief or prejudice to the

16  adverse party.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir.

17  2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and

18  Procedure § 1165 (3d ed. 2004)).  Thus, under Local Rule 8-3, this Court automatically

19  allows defendants a 30-day extension of time to respond to the initial complaint when

20  the parties stipulate to the extension; such stipulations "need not be approved by the

21  judge."  L.R. 8-3.[1]

22        Counsel for Defendants and Plaintiff have conferred, and agree that good cause

23  supports an extension of an additional 15 days beyond the date that Defendants' latest

24  response would otherwise be due, taking into account the automatic 30-day extension

25

26

27     [1]  Plaintiff has served on attorneys for all Defendants a copy of the Court's Standing

28       Order and all parties are aware of the Court's requirements.

Gibson, Dunn &
Crutcher LLP

for stipulations under Local Rule 8-3.[2]  Because that date falls on a Saturday, the parties hereby stipulate that Defendants should be permitted to file their responses by the following Monday, September 26, 2016.

In support of this stipulation, Defendants respectfully inform the Court that their counsel have pre-planned family vacations and other travel plans scheduled during the months of August and September.  *Cf. Ahanchian*, 624 F.3d at 1259 n.7 ("[A] previously planned trip is a reasonable basis for seeking an extension of time.").  Moreover, counsel have preset professional obligations during this period, and the primary client contact for Defendant UAS is out of the country until August 8.  Extending the deadline for Defendants' responses to September 26 will also promote judicial economy.  Plaintiff served Turnstile and UAS on July 18, 2016, but did not serve Balboa until July 20, 2016, meaning that the due date for Balboa's response— and any subsequent response by Plaintiff—will be two days later than the corresponding due date for the other defendants.  By aligning the deadlines for each defendant, Plaintiff will better be able to coordinate and consolidate her responses.  Finally, the stipulated extension of time will streamline the litigation by allowing the Defendants adequate time to fully investigate and respond to Plaintiff's claims.

For all of these reasons, the parties believe that good cause exists to extend the deadline for each Defendant to respond to the complaint to September 26 and that no prejudice will result from this extension, as long as Plaintiff's deadline to file its motion for class certification is extended as well, as discussed below.

Plaintiff has agreed not to oppose the extension but only on the condition that a corresponding extension to Plaintiff's deadline to move for class certification pursuant

---

[2]  In the event this Court otherwise rejects other aspects of the stipulation, all parties hereby stipulate to a 30-day extension of each defendant's time to respond to the complaint under Local Rule 8-3 and a 30-day extension of Plaintiff's time to move for class certification.  To grant one extension without the other would be to severely prejudice the party or parties not granted an extension.

to Local Rule 23-3 is approved by the Court.  Counsel for Defendants and Plaintiff have conferred, and agree that good cause supports an extension of the deadline for Plaintiff to move for class certification until 90 days after the last Defendant required to do so has filed its answer to the complaint.  As relevant here, Local Rule 23-3 requires Plaintiff to file a motion for class certification "[w]ithin 90 days after service of a pleading purporting to commence a class action," but expressly gives the Court the discretion to extend the 90-day period.

Without prejudice to any defense or to Defendants' right to contest any discovery or class certification, the parties agree that an extension of this deadline is merited in this case.  It is Plaintiff's position that, should this case proceed past the pleadings stage, she will seek to certify two distinct classes involving several thousand potential class members, three large corporate Defendants, and multiple state and federal causes of action.  Plaintiff anticipates that a significant amount of discovery, including extensive written discovery and depositions of party and third-party witnesses located across the country, will be necessary to resolve the issues relevant to class certification.  *See Vinole v. Countrywide Home Loans*, 571 F.3d 935, 942 (9th Cir. 2009) (precertification class discovery is often warranted and trial courts should generally "afford litigants an opportunity to present evidence as to whether class action is maintainable").  In the event class discovery is warranted, the parties in this action seek to conduct class discovery efficiently, including by avoiding placing an undue burden on the Court, third-party witnesses, or the parties.  Currently, the deadline for filing a motion for class certification is October 17, 2016 for Turnstile and UAS, and October 18, 2016 for Balboa.  If that deadline remains in place, there will not be sufficient time between Defendants' extended response date and Plaintiff's class certification deadline for Plaintiff to prepare her class certification motion, causing Plaintiff prejudice.  The extension will also provide time for the parties to meet and confer regarding any discovery disputes that may arise and to endeavor to resolve such disputes without the need for Court intervention.

Gibson, Dunn &
Crutcher LLP

3

In addition, extending the deadline for Plaintiff to file a motion for class certification will allow any class discovery to be reserved until after any initial challenges to the complaint are resolved.  Extensive early class discovery in this case would be inefficient in the event some or all of the Defendants bring a motion to dismiss certain aspects of the Complaint or bring some other challenge to the Complaint.  Allowing the Court to resolve all challenges to the Complaint before any class discovery begins will promote judicial efficiency and conserve the parties' and the Court's resources, including by reducing the likelihood that the resources of the Court or the parties will be unnecessarily expended briefing and resolving the issues of class certification, only to have those issues become moot or substantially affected by challenges to the pleadings.

For all of these reasons, good cause exists, and all parties agree, to extend Plaintiff's deadline under Local Rule 23-3 to file a motion for class certification.  The parties also agree that no prejudice will result from this extension.  Accordingly, all parties respectfully stipulate and request that the 90-day clock for Plaintiff's class-certification motion commence only if and when Defendants are required to file an answer to the complaint pursuant to Federal Rule of Civil Procedure 7(a)(2), and that it commence on the date that the last Defendant so required to plead files its answer to the Complaint.

## CONCLUSION

Defendants and Plaintiff respectfully request that this Court grant the parties' joint stipulation to extend the time for all Defendants to respond to the initial complaint to September 26, 2016, and to extend Plaintiff's deadline to move for class certification to 90 days after the last of any Defendant so required to plead files its answer to the Complaint pursuant to Rule 7(a)(2).

Gibson, Dunn &
Crutcher LLP

4

**SO STIPULATED.**

Dated: August 5, 2016

     The undersigned counsel for Defendant Turnstile Capital Management, LLC, certifies that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DOUGLAS R. COX
LUCAS C. TOWNSEND
JAMES L. ZELENAY JR.
RUSSELL B. BALIKIAN
GIBSON, DUNN & CRUTCHER LLP


By: /s/ James L. Zelenay
          James L. Zelenay

*Attorneys for Defendant*
*Turnstile Capital Management, LLC*


FREDRICK S. LEVIN
DANIEL R. PALUCH
BUCKLEYSANDLER LLP


By: /s/ Fredrick S. Levin
          Fredrick S. Levin

*Attorneys for Defendant*
*Balboa Student Loan Trust*

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAMES K. SCHULTZ
SESSIONS, FISHMAN, NATHAN,
   & ISRAEL LLC


By: /s/ James K. Schultz
            James K. Schultz

*Attorneys for Defendant*
*University Accounting Service, LLC*


ANNE RICHARDSON
MAGDALENA REYES BORDEAUX
CHARLES EVANS
L. ADELAIDE ANDERSON
PUBLIC COUNSEL

FREDRICK D. WOOCHER
JENNA L. MIARA
DALE LARSON
STRUMWASSER & WOOCHER LLP

DAN STORMER
CAITLAN MCLOON
HADSELL STORMER & RENICK LLP


By: /s/ Jenna L. Miara
            Jenna L. Miara

*Counsel for Plaintiff and Proposed Classes*

Gibson, Dunn &
Crutcher LLP