1    **BUCKLEYSANDLER LLP**
     FREDRICK S. LEVIN (State Bar No. 187603)
2    flevin@buckleysandler.com
     DANIEL R. PALUCH (State Bar No. 287231)
3    dpaluch@buckleysandler.com
     100 Wilshire Boulevard, Suite 1000
4    Santa Monica, California 90401
     Telephone: (310) 424-3900
5    Facsimile: (310) 424-3960

6    Attorneys for BALBOA STUDENT
     LOAN TRUST, a Delaware statutory trust
7
     [Additional counsel listed after caption]
8

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

12    DEBORAH TERRELL, an individual,    Case No. 5:16-cv-1535-RGK-SP
     on behalf of herself and similarly
13    situated persons,,

14          Plaintiff,    **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BALBOA STUDENT LOAN TRUST AND TURNSTILE CAPITAL MANAGEMENT TO CLASS ACTION COMPLAINT**

15          v.

16    UNIVERSITY ACCOUNTING
     SERVICE, LLC; a Wisconsin limited
17    liability company; BALBOA
     STUDENT LOAN TRUST, a Delaware
18    statutory trust; TURNSTILE CAPITAL
     MANAGEMENT, a Delaware limited
19    liability company; and DOES 1 through
     10, inclusive,,
20
21          Defendant.
22
23
24
25
26
27
28

*BUCKLEYSANDLER LLP*
*100 WILSHIRE BOULEVARD, SUITE 1000*
*SANTA MONICA, CALIFORNIA 90401*
*TEL. (310) 424-3900 • FAX (310) 424-3960*

1

**GIBSON, DUNN & CRUTCHER LLP**

2

DOUGLAS R. COX (*pro hac vice*)

dcox@gibsondunn.com

3

LUCAS C. TOWNSEND (*pro hac vice*)

ltownsend@gibsondunn.com

4

RUSSELL B. BALIKIAN (*pro hac vice*)

rbalikian@gibsondunn.com

5

1050 Connecticut Avenue, N.W.

6

Washington, D.C. 20036

7

Telephone: (202) 955-8500

Facsimile: (202) 467-0539

8

9

JAMES L. ZELENAY, JR. (State Bar No. 237339)

jzelenay@gibsondunn.com

10

333 South Grand Avenue

Los Angeles, CA 90071

11

Telephone: (213) 229-7449

12

Facsimile: (213) 229-6449

13

14

*Attorneys for Defendant*

*Turnstile Capital Management, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
BALBOA STUDENT LOAN TRUST AND
<u>TURNSTILE CAPITAL MANAGEMENT</u>**

Defendants Balboa Student Loan Trust ("Balboa") and Turnstile Capital Management ("Turnstile") (collectively, "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff Deborah Terrell's Complaint ("Complaint").

<u>**OPENING PARAGRAPH**</u>

Defendants admit that Plaintiff Deborah Terrell purports to bring this proposed class against the named defendants but deny that she is entitled to any relief.  Subject to and without waiving their defense that all claims pled in the complaint are referable to arbitration within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*, Defendants admit that this Court otherwise has jurisdiction over the federal statutory claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the claims under California law.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph of the Complaint.

<u>**INTRODUCTION**</u>

1.      Defendants expressly deny that they have made any unlawful attempt to collect on any debt.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and, on that basis, deny each and every such allegation.

2.      Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, on that basis, deny each and every such allegation.

3.      Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, deny each and every such allegation.

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

4.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, deny each and every such allegation.

5.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis, deny each and every such allegation.

6.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis, deny each and every such allegation.

7.   Defendants admit that Turnstile purchased certain loans from Career Choices, Inc. ("CCI") in or about August 2014.  The remaining allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 7 of the Complaint are denied.

8.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis, deny each and every such allegation.

9.   Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.   Defendants admit that, in or about 2015, Defendant University Accounting Service, LLC ("UAS") was retained to service certain loans purchased from CCI.  The remaining allegations in paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 10 of the Complaint are denied.

11.   Defendants admit that Plaintiff Deborah Terrell ("Plaintiff") purports to bring this action as representative of two putative classes, but deny that these classes should be certified or that class treatment of this action is appropriate.  Defendants

further deny that Plaintiff has suffered any harm.  Defendants further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     Subject to and without waiving their defense that all claims pleaded in the complaint are referable to arbitration within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Subject to and without waiving their defense that all claims pleaded in the complaint are referable to arbitration within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Subject to and without waiving their defense that all claims pleaded in the Complaint are referable to arbitration within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., Defendants do not dispute that this Court has personal jurisdiction over Defendants.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and on that basis, deny each and every such allegation.

## PARTIES

15.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis, deny each and every such allegation.

16.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis, deny each and every such allegation.

17.     Defendants admit the allegations contained in the first and last sentences of this paragraph.  Defendants admit that Turnstile purchased certain loans

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

from CCI.  Defendants deny that Turnstile is the sole owner of Balboa.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and on that basis, deny each and every such allegation.

18.     Defendants admit that Balboa is a Delaware statutory trust.  Defendants further admit that, in or about June 2015, UAS was retained to service certain loans.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and on that basis, deny each and every such allegation.

19.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis, deny each and every such allegation.

20.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis, deny each and every such allegation.

## **FACTUAL ALLEGATIONS**

**Corinthian's Business Model and Loan Program**

21.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis, deny each and every such allegation.

22.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis, deny each and every such allegation.

23.     The allegations in paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants lack information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, any such allegations in paragraph 23 of the Complaint are denied.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent these allegations may be deemed to require a response, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and on that basis, deny each and every such allegation.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis, deny each and every such allegation.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis, deny each and every such allegation.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis, deny each and every such allegation.

28. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis, deny each and every such allegation.

29. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis, deny each and every such allegation.

**The Federal & State Investigations That Led to Corinthian's Closure Were Made Public and Put Defendants on Notice of Corinthian's Fraud.**

30. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis, deny each and every such allegation.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis, deny each and every such allegation.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    32.    Plaintiff has not specifically identified the complaint she refers to and

2 on that basis Defendants deny Plaintiff's characterization of that complaint.

3 Defendants lack sufficient information as to the truth of the allegations in paragraph

4 32 and subparagraphs 32.a–32.d of the Complaint, and on that basis, deny each and

5 every such allegation.

6    33.    Plaintiff has not specifically identified the SEC filing she refers to and

7 on that basis Defendants deny Plaintiff's characterization of that filing.  Defendants

8 lack sufficient information as to the truth of the remaining allegations in paragraph

9 33 of the Complaint, and on that basis, deny each and every such allegation.

10    34.    Defendants lack information sufficient to form a belief as to the truth of

11 the allegations in paragraph 34 of the Complaint, and on that basis, deny each and

12 every such allegation.

13    35.    Defendants lack information sufficient to form a belief as to the truth of

14 the allegations in paragraph 35 of the Complaint, and on that basis, deny each and

15 every such allegation.

16    36.    Plaintiff has not specifically identified the complaint she refers to and

17 on that basis Defendants deny Plaintiff's characterization of that filing.  Defendants

18 lack sufficient information as to the truth of the remaining allegations in paragraph

19 36 of the Complaint, and on that basis, deny each and every such allegation.

20    37.    Defendants lack information sufficient to form a belief as to the truth of

21 the allegations in paragraph 37 of the Complaint, and on that basis, deny each and

22 every such allegation.

23    38.    Defendants admit that Exhibit A of the Complaint purports to be an

24 enforcement letter sent by the federal Department of Education (the "Department")

25 to Corinthian on or about August 22, 2014.  Exhibit A to the Complaint speaks for

26 itself and, on that basis, Defendants deny Plaintiff's characterization of it.  Except as

27 expressly admitted, Defendants deny the remaining allegations in paragraph 38 of

28 the Complaint.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

39.     Defendants admit that Exhibit A of the Complaint purports to be an enforcement letter sent by the Department to Corinthian on or about August 22, 2014.  Exhibit A to the Complaint speaks for itself and, on that basis, Defendants deny Plaintiff's characterization of it.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and on that basis, deny each and every such allegation.

41.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and on that basis, deny each and every such allegation.

42.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and on that basis, deny each and every such allegation.

43.     Upon information and belief, Defendants admit that the Consumer Financial Protection Bureau ("CFPB") filed a complaint against Corinthian in the Northern District of Illinois on September 16, 2014.  That complaint speaks for itself and, on that basis, Defendants deny Plaintiff's characterization of it.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 43 and subparagraphs 43.a–43.b of the Complaint.

**Balboa's Acquisition of the Corinthian Loans**

44.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on that basis, deny each and every such allegation.

45.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis, deny each and every such allegation.

46.     Defendants admit that Turnstile purchased certain loans from CCI in or

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

about August 2014.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint, and on that basis, deny each and every such allegation.

47.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis, deny each and every such allegation.

48.     Defendants admit that Balboa was registered with the state of Delaware on October 10, 2014.  The remaining allegations in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent these remaining allegations may be deemed to require a response, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint, and on that basis, deny each and every such allegation.

**ECMC's Payment to Balboa**

49.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and on that basis, deny each and every such allegation.

50.     Defendants admit that Exhibit B to the Complaint purports to be a letter from Zenith Education Group ("Zenith"), to the Director of the CFPB.  Exhibit B speaks for itself and, on that basis, Defendants deny Plaintiff's characterization of it. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 50 and subparagraphs 50.a–50.d of the Complaint.

51.     The allegations in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on that basis, deny each and every such allegation.

52.     Defendants admit that in 2014 Balboa received a payment of $7.5

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1   million, and that $7.5 million is less than 40% of $19 million.  The remaining

2   allegations in paragraph 52 of the Complaint constitute legal conclusions to which

3   no response is required.  To the extent these allegations may be deemed to require a

4   response, any such allegations in paragraph 52 of the Complaint are denied.

5   **Findings of Fraud, Unlawful Debt Collection, and Unfair Business Practices**

6   **against Corinthian after sale of Loan Pool**

7   <u>The Department of Education's Findings re: Corinthian's Heald Colleges</u>

8       53.    Defendants admit that Exhibit C to the Complaint purports to be a letter

9   sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis,

10  Defendants deny any characterization of Exhibit C by Plaintiff.  Defendants lack

11  information sufficient to form a belief as to the truth of the remaining allegations in

12  paragraph 53 of the Complaint, and on that basis, deny each and every such

13  allegation.

14      54.    Defendants admit that Exhibit C to the Complaint purports to be a letter

15  sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis,

16  Defendants deny any characterization of Exhibit C by Plaintiff.  Except as expressly

17  admitted, Defendants deny the remaining allegations in paragraph 54 of the

18  Complaint.

19      55.    Defendants admit that Exhibit C to the Complaint purports to be a letter

20  sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis,

21  Defendants deny any characterization of Exhibit C by Plaintiff.  Except as expressly

22  admitted, Defendants deny the remaining allegations in paragraph 55 of the

23  Complaint.

24      56.    Defendants admit that Exhibit C to the Complaint purports to be a letter

25  sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis,

26  Defendants deny any characterization of Exhibit C by Plaintiff.  Except as expressly

27  admitted, Defendants deny the remaining allegations in paragraph 56 of the

28  Complaint.

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

57.    Defendants admit that Exhibit C to the Complaint purports to be a letter sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis, Defendants deny any characterization of Exhibit C by Plaintiff.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.    Defendants admit that Exhibit C to the Complaint purports to be a letter sent by the Department to Corinthian.  Exhibit C speaks for itself and, on that basis, Defendants deny any characterization of Exhibit C by Plaintiff.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 58 of the Complaint.

The CFPB Case

59.    Upon information and belief, Defendants admit that the District Court for the Northern District of Illinois entered a default judgment against Corinthian in case number 14-CV-7194.  Defendants further admit that Exhibit D to the Complaint purports to be a copy of that default judgment.  Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60.    Defendants admit that Exhibit D purports to be a copy of a default judgment entered by the United States District Court for the Northern District of Illinois.  Exhibit D speaks for itself and, on that basis, Defendants deny any characterization of Exhibit D by Plaintiff.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.    Defendants admit that Exhibit D purports to be a copy of a default judgment entered by the United States District Court for the Northern District of Illinois.  Exhibit D speaks for itself and, on that basis, Defendants deny any characterization of Exhibit D by Plaintiff.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62.    Defendants admit that Exhibit D purports to be a copy of a default judgment entered by the United States District Court for the Northern District of

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Illinois.  Exhibit D speaks for itself and, on that basis, Defendants deny any characterization of Exhibit D by Plaintiff.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 62 of the Complaint.

The Department of Education's Most Recent Findings

63.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and on that basis, deny each and every such allegation.

**Corinthian Closes its Doors**

64.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and on that basis, deny each and every such allegation.

65.    Defendants admit the allegations in paragraph 65 of the Complaint.

### FACTS REGARDING NAMED PLAINTIFF

66.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and on that basis, deny each and every such allegation.

67.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, and on that basis, deny each and every such allegation.

68.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and on that basis, deny each and every such allegation.

69.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and on that basis, deny each and every such allegation.

70.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and on that basis, deny each and every such allegation.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

71.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and on that basis, deny each and every such allegation.

72.    Defendants admit that the original interest rate for Plaintiff's private student loan was 8.9%.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the Complaint, and on that basis, deny each and every such allegation.

73.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and on that basis, deny each and every such allegation.

74.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, and on that basis, deny each and every such allegation.

75.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and on that basis, deny each and every such allegation.

76.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and on that basis, deny each and every such allegation.

77.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and on that basis, deny each and every such allegation.

78.    Paragraph 78 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such legal conclusions in paragraph 78 of the Complaint are denied. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the Complaint, and on that basis, deny each and every such allegation.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

79.     Defendants admit that, in or about June 2015, UAS was retained to service Plaintiff's loan.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and subparagraphs 79.a–79.d of the Complaint, and on that basis, deny each and every such allegation.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such legal conclusions in paragraph 80 of the Complaint are denied. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Complaint, and on that basis, deny each and every such allegation.

81.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and on that basis, deny each and every such allegation.

82.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and on that basis, deny each and every such allegation.

## ALLEGED CLASS ACTION ALLEGATIONS

83.     Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 83 of the Complaint.

84.     Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 84 of the Complaint.

85.     Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1 | allegations in paragraph 85 of the Complaint.

2 |      86.    Defendants admit that Plaintiff purports to bring claims as a

3 | representative of a putative class, but deny that any class should be certified or is

4 | appropriate.  Except as expressly admitted, Defendants deny the remaining

5 | allegations in paragraph 86 of the Complaint.

6 |      87.    Defendants admit that Plaintiff purports to bring claims as a

7 | representative of a putative class, but deny that any class should be certified or is

8 | appropriate.  Except as expressly admitted, Defendants deny the remaining

9 | allegations in paragraph 87 of the Complaint.

10 |     a.  Defendants admit that Plaintiff purports to bring claims as a

11 |        representative of a putative class, but deny that any class should be

12 |        certified or is appropriate.  Except as expressly admitted, Defendants

13 |        deny the remaining allegations in subparagraph 87.a of the Complaint.

14 |     b.  Defendants admit that Plaintiff purports to bring claims as a

15 |        representative of a putative class, but deny that any class should be

16 |        certified or is appropriate.  Except as expressly admitted, Defendants

17 |        deny the remaining allegations in subparagraph 87.b of the Complaint.

18 |     c.  Defendants admit that Plaintiff purports to bring claims as a

19 |        representative of a putative class, but deny that any class should be

20 |        certified or is appropriate.  Except as expressly admitted, Defendants

21 |        deny the remaining allegations in subparagraph 87.c of the Complaint.

22 |     d.  Defendants admit that Plaintiff purports to bring claims as a

23 |        representative of a putative class, but deny that any class should be

24 |        certified or is appropriate.  Except as expressly admitted, Defendants

25 |        deny the remaining allegations in subparagraph 87.d of the Complaint.

26 |     e.  Defendants admit that Plaintiff purports to bring claims as a

27 |        representative of a putative class, but deny that any class should be

28 |        certified or is appropriate.  Except as expressly admitted, Defendants

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

ANSWER TO CLASS ACTION COMPLAINT

deny the remaining allegations in subparagraph 87.e of the Complaint.

f. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 87.f of the Complaint.

88. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 88 of the Complaint.

a. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.a of the Complaint.

b. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.b of the Complaint.

c. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.c of the Complaint.

d. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.d of the Complaint.

e. Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate. Except as expressly admitted, Defendants

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

deny the remaining allegations in subparagraph 88.e of the Complaint.

f.  Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.f of the Complaint.

g.  Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.g of the Complaint.

h.  Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 88.h of the Complaint.

89.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 89 of the Complaint.

90.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 90 of the Complaint.

91.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 91 of the Complaint.

92.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    allegations in paragraph 92 of the Complaint.

2         93.    Defendants admit that Plaintiff purports to bring claims as a

3    representative of a putative class, but deny that any class should be certified or is

4    appropriate.  Except as expressly admitted, Defendants deny the remaining

5    allegations in paragraph 93 of the Complaint.

6         94.    Defendants admit that Plaintiff purports to bring claims as a

7    representative of a putative class, but deny that any class should be certified or is

8    appropriate.  Except as expressly admitted, Defendants deny the remaining

9    allegations in paragraph 94 of the Complaint.

10        95.    Defendants admit that Plaintiff purports to bring claims as a

11   representative of a putative class, but deny that any class should be certified or is

12   appropriate.  Except as expressly admitted, Defendants deny the remaining

13   allegations in paragraph 95 of the Complaint.

14        a.  Defendants admit that Plaintiff purports to bring claims as a

15            representative of a putative class, but deny that any class should be

16            certified or is appropriate.  Except as expressly admitted, Defendants

17            deny the remaining allegations in subparagraph 95.a of the Complaint.

18        b.  Defendants admit that Plaintiff purports to bring claims as a

19            representative of a putative class, but deny that any class should be

20            certified or is appropriate.  Except as expressly admitted, Defendants

21            deny the remaining allegations in subparagraph 95.b of the Complaint.

22        c.  Defendants admit that Plaintiff purports to bring claims as a

23            representative of a putative class, but deny that any class should be

24            certified or is appropriate.  Except as expressly admitted, Defendants

25            deny the remaining allegations in subparagraph 95.c of the Complaint.

26        d.  Defendants admit that Plaintiff purports to bring claims as a

27            representative of a putative class, but deny that any class should be

28            certified or is appropriate.  Except as expressly admitted, Defendants

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

deny the remaining allegations in subparagraph 95.d of the Complaint.

    e.   Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in subparagraph 95.e of the Complaint.

96.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 96 of the Complaint.

### ALLEGED FIRST CAUSE OF ACTION:
### ALLEGED CLASS VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq*.
(Brought on behalf of members of the Debt Collection Class against Defendants UAS and Does 1 through 5, inclusive)

97.    Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

98.    Defendants admit that Plaintiff purports to bring claims under the statute cited in paragraph 98 of the Complaint, but deny that Plaintiff has adequately pleaded any claim for relief.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 98 of the Complaint.

99.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  The remaining allegations in paragraph 99 of the Complaint constitute legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 99 of the Complaint are denied.

100.   Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that any class should be certified or is appropriate.  Defendants lack information sufficient to form a belief as to the truth

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  of the remaining allegations in paragraph 100 of the Complaint, and on that basis,

2  deny each and every such allegation.

3      101.   The allegations in paragraph 101 of the Complaint constitute legal

4  conclusions to which no response is required.  To the extent these allegations may

5  be deemed to require a response, any such allegations in paragraph 101 of the

6  Complaint are denied.

7      102.   Defendants deny each and every allegation in paragraph 102 of the

8  Complaint.

9      103.   Defendants deny each and every allegation in paragraph 103 of the

10  Complaint.

11          a.  Defendants deny each and every allegation in subparagraph 103.a of

12              the Complaint.

13          b.  Defendants deny each and every allegation in subparagraph 103.b of

14              the Complaint.

15      104.   Defendants admit that Plaintiff purports to bring claims as a

16  representative of a putative class, but deny that Plaintiff has suffered any harm, or

17  that any class should be certified or is appropriate.  Except as expressly admitted,

18  Defendants deny the remaining allegations in paragraph 104 of the Complaint.

19      105.   Defendants deny each and every allegation in paragraph 105 of the

20  Complaint.

21      106.   Defendants admit that Plaintiff purports to bring claims as a

22  representative of a putative class, but deny that Plaintiff has suffered any harm, or

23  that any class should be certified or is appropriate.  Except as expressly admitted,

24  Defendants deny the remaining allegations in paragraph 106 of the Complaint.

25          As to Plaintiff's first prayer for relief, Defendants deny that any class should

26          be certified or is appropriate and further deny that Plaintiff is entitled to any

27          of the relief sought under any of the claims asserted in the Complaint.

28

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

### ALLEGED SECOND CAUSE OF ACTION:
### ALLEGED CLASS VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, California Civil Code § 1788, et seq.
(Brought on behalf of members of the Debt Collection Class against Defendants UAS and Does 1 through 5, inclusive)

107.   Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

108.   Defendants admit that Plaintiff purports to bring claims under the statute cited in paragraph 108 of the Complaint, but deny that Plaintiff has adequately pleaded any claim for relief.  The remaining allegations in paragraph 108 are legal conclusions for which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 108 of the Complaint are denied.

109.   Paragraph 109 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 109 of the Complaint are denied.

110.   Paragraph 109 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 109 of the Complaint are denied.

111.   Defendants deny each and every allegation in paragraph 111 of the Complaint.

112.   Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that Plaintiff has suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 112 of the Complaint.

113.   Defendants deny each and every allegation in paragraph 113 of the Complaint.

114.   Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that Plaintiff has suffered any harm, or

that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 114 of the Complaint.

As to Plaintiff's second prayer for relief, Defendants deny that any class should be certified or is appropriate and further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.

### ALLEGED THIRD CAUSE OF ACTION:
### ALLEGED CLASS VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT,
### California Civil Code § 1750, et seq.

(Brought on behalf of members of the Balboa Debt Discharge Class against Defendants Turnstile, Balboa, and Does 6 through 10, inclusive)

115.   Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

116.   Defendants admit that the agreement entitled Promissory Note entered into by Plaintiff contains the language quoted in this paragraph. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 116 of the Complaint and, on that basis, deny each and every remaining allegation contained in that paragraph.

117.   Defendants deny each and every allegation in paragraph 117 of the Complaint.

118.   Defendants deny each and every allegation in paragraph 118 of the Complaint.

119.   Paragraph 119 of the Complaint contains no factual assertions for which a response is required.  To the extent that paragraph 119 of the Complaint may be deemed to require a response, any such allegations in paragraph 119 of the Complaint are denied.

120.   Paragraph 120 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 120 of the Complaint are denied.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

121.   Paragraph 121 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 121 of the Complaint are denied.

122.   Paragraph 122 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 122 of the Complaint are denied.

123.   Paragraph 123 of the Complaint contains legal conclusions to which no response is required.  To the extent these allegations may be deemed to require a response, any such allegations in paragraph 123 of the Complaint are denied.

     a.   Defendants lack information sufficient to form a belief as to the truth of the allegations in subparagraph 123.a of the Complaint, and on that basis, deny each and every such allegation.

     b.   Defendants lack information sufficient to form a belief as to the truth of the allegations in subparagraph 123.b of the Complaint, and on that basis, deny each and every such allegation.

     c.   Defendants lack information sufficient to form a belief as to the truth of the allegations in subparagraph 123.c of the Complaint, and on that basis, deny each and every such allegation.

     d.   Defendants lack information sufficient to form a belief as to the truth of the allegations in subparagraph 123.d of the Complaint, and on that basis, deny each and every such allegation.

     e.   Defendants lack information sufficient to form a belief as to the truth of the allegations in subparagraph 123.e of the Complaint, and on that basis, deny each and every such allegation.

124.   Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint, and on that basis, deny each and every such allegation.

125.   Defendants admit that Plaintiff purports to bring claims as a

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

representative of a putative class, but deny that Plaintiff has suffered any harm, or that any class should be certified or is appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 125 of the Complaint.

As to Plaintiff's third prayer for relief, Defendants deny that any class should be certified or is appropriate and further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.

## ALLEGED FOURTH CAUSE OF ACTION:
## ALLEGED CLASS VIOLATIONS OF CALIFORNIA BUS. & PROF. CODE § 17200, et seq.
(Brought on behalf of members of both classes against All Defendants)

126.   Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

127.   Paragraph 127 of the Complaint contains no factual assertions for which a response is required.  To the extent that paragraph 127 of the Complaint may be deemed to require a response, any such allegations in paragraph 127 of the Complaint are denied.

128.   Defendants deny each and every allegation in paragraph 128 of the Complaint.

129.   Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 129 of the Complaint, and on that basis, deny each and every such allegation.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 129 of the Complaint.

130.   Defendants deny each and every allegation in paragraph 130 of the Complaint.

131.   Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 131 of the Complaint, and on that basis, deny each and every such allegation.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 131 of the Complaint.

132.   Defendants deny each and every allegation in paragraph 132 of the

1   Complaint.

2       133.   Defendants lack information sufficient to form a belief as to the truth of

3   the allegations in the first sentence in paragraph 133 of the Complaint, and on that

4   basis, deny each and every such allegation.  Except as expressly admitted,

5   Defendants deny the remaining allegations in paragraph 133 of the Complaint.

6       134.   Defendants deny each and every allegation in paragraph 134 of the

7   Complaint.

8       135.   Defendants admit that Plaintiff purports to bring claims as a

9   representative of a putative class, but deny that Plaintiff has suffered any harm, or

10  that any class should be certified or is appropriate.  Except as expressly admitted,

11  Defendants deny the remaining allegations in paragraph 135 of the Complaint.

12      136.   Defendants admit that Plaintiff purports to bring claims as a

13  representative of a putative class, but deny that Plaintiff has suffered any harm, or

14  that any class should be certified or is appropriate.  Defendants further deny that

15  Plaintiff is entitled to any of the relief sought under any of the claims asserted in the

16  Complaint.  Except as expressly admitted, Defendants deny the remaining

17  allegations in paragraph 136 of the Complaint.

18      137.   Defendants admit that Plaintiff purports to bring claims as a

19  representative of a putative class, but deny that Plaintiff has suffered any harm, or

20  that any class should be certified or is appropriate.  Defendants further deny that

21  Plaintiff is entitled to any of the relief sought under any of the claims asserted in the

22  Complaint.  Except as expressly admitted, Defendants deny the remaining

23  allegations in paragraph 137 of the Complaint.

24      As to Plaintiff's fourth prayer for relief, Defendants deny that any class

25      should be certified or is appropriate and further deny that Plaintiff is entitled

26      to any of the relief sought under any of the claims asserted in the Complaint.

27

28

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

ANSWER TO CLASS ACTION COMPLAINT

## ALLEGED FIFTH CAUSE OF ACTION:
## ALLEGED CLASS REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

(Brought by members of the Balboa Debt Discharge Class against all Defendants)

138.    Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

139.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 139 of the Complaint, and on that basis, deny each and every such allegation.

140.    Defendants deny each and every allegation in paragraph 140 of the Complaint.

141.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that Plaintiff has suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 141 of the Complaint.

142.    Defendants deny each and every allegation in paragraph 142 of the Complaint.

143.    Defendants deny each and every allegation in paragraph 143 of the Complaint.

144.    Defendants deny each and every allegation in paragraph 144 of the Complaint.

145.    Defendants admit that Plaintiff purports to bring claims as a representative of a putative class, but deny that Plaintiff has suffered any harm, or that any class should be certified or is appropriate.  Defendants further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 145 of the Complaint.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

As to Plaintiff's fifth prayer for relief, Defendants deny that any class should be certified or is appropriate and further deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.

### ALLEGED SIXTH CAUSE OF ACTION:
### ALLEGED INDIVIDUAL VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.*
(Brought by Plaintiff Deborah Terrell against Defendants UAS and Does 1 through 5, inclusive)

146.   Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

147.   Defendants deny each and every allegation in paragraph 147 of the Complaint.

148.   Defendants deny each and every allegation in paragraph 148 of the Complaint.

149.   Defendants deny that Plaintiff has suffered any harm, or that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 149 of the Complaint.

150.   Defendants deny each and every allegation in paragraph 150 of the Complaint.

151.   Defendants deny that Plaintiff has suffered any harm, or that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 151 of the Complaint.

As to Plaintiff's sixth prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.

ANSWER TO CLASS ACTION COMPLAINT

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**ALLEGED SEVENTH CAUSE OF ACTION:**
**ALLEGED INDIVIDUAL VIOLATIONS OF THE ROSENTHAL FAIR**
**DEBT COLLECTION PRACTICES ACT, California Civil Code § 1788,** *et seq.*
(Brought by Plaintiff Deborah Terrell against Defendants UAS and Does 1 through 5, inclusive)

152.    Defendants hereby incorporate their responses to the preceding paragraphs as though set forth fully herein.

153.    Defendants deny each and every allegation in paragraph 153 of the Complaint.

154.    Defendants deny that Plaintiff has suffered any harm, or that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 154 of the Complaint.

155.    Defendants deny each and every allegation in paragraph 155 of the Complaint.

156.    Defendants deny that Plaintiff has suffered any harm, or that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 156 of the Complaint.

As to Plaintiff's seventh prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief sought under any of the claims asserted in the Complaint.

**AFFIRMATIVE DEFENSES**

Each of the affirmative defenses pleaded are subject to, and are asserted while expressly preserving and not waiving, Defendants' demand that Plaintiff arbitrate her alleged disputes with Defendants on an individual basis.  Subject to the foregoing, and without assuming any burden that they would not otherwise bear, and reserving their right to amend their Answer to assert additional defenses (should this case proceed in this Court), Defendants asserts the following affirmative defenses:

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1.      Each and every claim purportedly pleaded in the complaint is referable to arbitration.  Plaintiff has failed to comply with the agreement to arbitrate and the agreement precludes this litigation.

2.      The alleged claims fail or are barred, in whole or in part, because venue is improper in this Court as Plaintiff executed an agreement that expressly provides for arbitration of disputes of the type alleged in the Complaint.

3.      The Complaint does not state a class action claim because the alleged claims are subject to enforceable arbitration agreements that do not permit a class action, and all relevant alleged claims are subject to individual arbitration.

4.      This action should be stayed or dismissed because all the claims purportedly pled in the Complaint are referable to arbitration.

5.      The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not pleaded her allegations of "fraudulent" or "deceptive" conduct with particularity as required by Fed. R. Civ. Proc. 9(b).

7.      Defendants contend that this lawsuit should not proceed as a class action on the grounds that, inter alia: the named Plaintiff lacks standing to represent the purported classes; the purported classes are not ascertainable; the named Plaintiff is not typical of, and does not and cannot fairly and adequately represent, the purported classes; common questions do not predominate; and a class action will not be superior to other methods available for the adjudication of this controversy.

8.      Plaintiff's alleged claims are barred, in whole or in part, because the Complaint fails to state any claim that may be maintained as a class action.

9.      Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Cal. Bus. & Prof. Code § 17208; Cal. Civ. Code § 1783; Cal. Code Civ. Proc. §§ 337 and 338; Cal. U.C.C. §§ 2607(3)(a), 2725(1), and 2725(2); Cal. Civ. Code § 1788.30(f); 15 U.S.C.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

§ 1692k; and similar statutes under federal law and the laws of California and other states.

10.     Plaintiff's alleged claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification and/or consent.

11.     Plaintiff's alleged claims are barred, in whole or in part, by Defendants' right of set-off.

12.     Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

13.     Plaintiff's alleged claims are barred, in whole or in part, by any recoveries or relief previously obtained with respect to the claims that are alleged or could have been alleged.

14.     Plaintiff's alleged claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, or other similar doctrines.

15.     Plaintiff's alleged claims are barred, in whole or in part, so far as necessary to avoid double recovery.

16.     Plaintiff's alleged claims are barred, in whole or in part, to the extent that they have been released by agreement or by operation of law.

17.     Plaintiff's alleged claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

18.     Plaintiff is barred from claiming injury or damages because she failed to make reasonable efforts to mitigate such injury or damages, which would have prevented or reduced her injury or damages, if any.

19.     Defendants and/or their agents, if any, and/or their predecessors in interest were under no duty to disclose any of the purported information that Plaintiff alleges was not disclosed.

20.     Factors other than allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other alleged actions by Defendants and/or their agents, if any, and/or their predecessors in interest caused

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1  some or all of the harm or damages alleged by Plaintiff.

2      21.    Plaintiff's alleged claims are barred, in whole or in part, because

3  Plaintiff's claimed injuries and damages were not proximately caused by any acts or

4  omissions of Defendants and/or their agents, if any, and/or their predecessors in

5  interest.

6      22.    Plaintiff's alleged claims are barred, in whole or in part, because

7  Plaintiff has suffered no injury or damage as a result of the matters alleged in the

8  Complaint.

9      23.    Plaintiff's alleged claims are barred, in whole or in part, because any

10 and all injuries and damages alleged in the Complaint were caused by the

11 independent conduct of one or more persons and/or entities over which Balboa had

12 no control and for whose actions/omissions Balboa is not responsible.

13     24.    Plaintiff's alleged claims are barred, in whole or in part, by the

14 voluntary payment doctrine, under which she cannot recover payments voluntarily

15 made with full knowledge of the facts.

16     25.    Plaintiff received all or substantially all of the benefit from the products

17 and/or services at issue that she bargained for when she purchased them, and to that

18 extent any damages and/or restitution that she might be entitled to recover must be

19 correspondingly reduced.

20     26.    Plaintiff's alleged claims and/or the recovery of all or certain claimed

21 damages by Plaintiff may be precluded by disclaimers, limitations of liability,

22 and/or other language or terms set forth in documents provided to Plaintiff and/or

23 agreements entered into by Plaintiff.

24     27.    Defendants allege that any statements allegedly made by any of the

25 Defendants and/or their agents, if any, and/or their predecessors in interest were

26 mere inactionable "puffing" or opinion, and were not representations of fact.

27     28.    Plaintiff's alleged claims are barred, in whole or in part, because

28 Plaintiff has not suffered any injury in fact, nor has she lost any money or property

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1   as a result of the unfair competition she alleges and which Defendants deny.

2        29.     Any finding of liability under California Bus. and Prof. Code §§ 17200,

3   17203, and/or 17204 would violate the Due Process Clause of the Fourteenth

4   Amendment to the United States Constitution, and of Article I, Section 7 of the

5   California Constitution, because the standards of liability under these statutes are

6   unduly vague and subjective, and permit retroactive, random, arbitrary, and

7   capricious punishment that serves no legitimate governmental interest.

8        30.     Plaintiff's alleged claims are barred, in whole or in part, because other

9   principles of law stand as an absolute barrier to those claims in this case.

10        31.     Plaintiff's alleged claims are barred, in whole or in part, because

11   Plaintiff did not actually rely on any statement or omission, and she is not entitled to

12   rely on any presumption of reliance.

13        32.     Plaintiff's alleged claims for restitution are barred to the extent that

14   Plaintiff did not pay money directly to Defendants, and/or Plaintiff seeks a return of

15   monies not in Defendants' possession, and/or to the extent Plaintiff has failed to

16   tender promptly the outstanding balance due on her loan, to otherwise do equity to

17   invoke equity, or otherwise perform all conditions precedent to the exercise of

18   remedies in equity.

19        33.     Plaintiff's alleged claims under Cal. Bus. & Prof. Code §§ 17200, *et*

20   *seq.* are barred, in whole or in part, because the business practices Plaintiff has

21   challenged are permitted by law.

22        34.     Plaintiff's alleged claims are barred, in whole or in part, because

23   neither Plaintiff nor any member of the general public reasonably and/or justifiably

24   relied on the alleged acts or omissions set forth in the Complaint.

25        35.     Plaintiff's alleged claims are barred, in whole or in part, because

26   Plaintiff's supposed damages are speculative, not cognizable, and/or otherwise not

27   recoverable.

28        36.     Plaintiff's alleged claims are barred, in whole or in part, because

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

ANSWER TO CLASS ACTION COMPLAINT

1  Plaintiff's allegations of misrepresentation are inconsistent with, and contrary to,

2  plain written disclosures provided to Plaintiff.

3          37.     Plaintiff's alleged claims are barred, in whole or in part, because they

4  are preempted by state and/or federal law.

5          38.     Plaintiff's alleged claims are barred, in whole or in part, because any

6  error resulting in an alleged failure to comply with the FDCPA or the Rosenthal Fair

7  Debt Collections Practices Act was unintentional and the result of a bona fide error

8  notwithstanding the maintenance of reasonable procedures for the avoidance of such

9  error.

10         39.     Plaintiff's alleged claims are barred, in whole or in part, because

11  Plaintiff failed to comply with the requirements of Section 1782(a) of the California

12  Consumer Legal Remedies Act.

13         40.     Plaintiff's alleged claims are barred, in whole or in part, because

14  Plaintiff is in default under her loan obligations and therefore is not entitled to

15  rescission of her loan agreement.

16         41.     Plaintiff's alleged claims are barred, in whole or in part, because the

17  remedy for actions under Cal. Bus. & Prof. Code §§ 17200, *et seq*. is limited to

18  restitution and relief.

19

20         The undersigned counsel for Defendant Balboa Student Loan Trust certifies

21  that all other signatories listed, and on whose behalf this filing is submitted, concur

22  in the filing's content and have authorized the filing.

23

24

25

26

27

28

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

BUCKLEYSANDLER LLP


By: /s/Fredrick S. Levin
     Fredrick S. Levin
     Attorneys for BALBOA STUDENT
     LOAN TRUST

GIBSON DUNN & CRUTCHER LLP


By: /s/Douglas R. Cox
     Douglas R. Cox
     Attorneys for TURNSTILE CAPITAL
     MANAGEMENT

ANSWER TO CLASS ACTION COMPLAINT

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960